```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION

HEULLETT JAMIE PEZOLD,          *

     Plaintiff,                 *

vs.                             *
                                    CASE NO. 4:15-CV-195 (CDL)
PUBLIX SUPERMARKETS, INC.,      *

     Defendant.                 *
```

O R D E R

Plaintiff Heullett Jamie Pezold filed this action in the Superior Court of Muscogee County, alleging that she suffered injuries as a result of a slip and fall at a Publix Supermarket in Columbus, Georgia. Defendant Publix Supermarkets, Inc. timely removed the action to this Court based on diversity of citizenship. Pezold filed a motion to remand, asserting that the amount in controversy requirement is not met. For the reasons set forth below, the motion to remand (ECF No. 6) is denied.

FACTUAL ALLEGATIONS

Pezold alleges that she slipped and fell on a foreign substance on the floor at Publix. After the fall but before Pezold filed this action, Pezold's attorney sent a settlement letter to Publix's counsel. The letter states that "Pezold sustained very serious, life-altering injuries" as a result of

the slip and fall.  Letter from Kyle Konhauzer to Andrew Lingenfelter 1 (Dec. 31, 2014), ECF No. 1-4.  The letter, which included an attachment of more than 130 pages of Pezold's medical records related to her injuries sustained in the fall, states that Pezold's "damages may continue to accrue for some time to come."  *Id.*  The letter offers to settle the matter for $150,000.00, and Pezold's counsel asserted that this amount was "easily justified" by the medical records and the "grievous" nature of Pezold's injuries.  *Id.* at 1-2.  Publix did not accept the settlement offer.  Pezold retained new counsel, who filed her Complaint nearly a year later, in November 2015.

In her Complaint, Pezold alleges that she "suffered significant body injury" and experienced "shock, fright, terror, pain, and suffering" caused by the fall.  Compl. ¶¶ 12, 14, ECF No. 1-2.  Pezold does not seek a specific amount of damages in the Complaint, and she does not make any allegations about the amount of damages.  Pezold seeks damages for past and future medical expenses, as well as past and future economic damages; noneconomic damages; lost wages; diminished earning capacity; pain and suffering; shock, fright, and inconvenience; diminished quality of life; and general damages.  *Id.* ¶ 20.  In support of her motion to remand, Pezold asserts that her medical expenses through December 5, 2014 totaled $14,862.60.  Mot. to Remand Ex. A, List of Pl.'s Medical Expenses, ECF No. 6-1.

2

DISCUSSION

A civil action brought in a state court may be removed to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). The district courts have original jurisdiction over civil actions between "citizens of different States" if the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The removing defendant has the burden to prove jurisdiction and must set forth facts showing that the jurisdictional amount is satisfied. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320-21 (11th Cir. 2001). There is no dispute that this action is between citizens of different States; Pezold is a Georgia citizen, and Publix is a Florida citizen. The remaining question is whether the amount in controversy exceeds $75,000.

In determining whether jurisdiction exists, the courts may consider a settlement offer that appears to be a reasonable assessment of the value of the claim and not mere puffery. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); *accord Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (concluding that settlement letter that was "not plainly a sham" could be considered in determining that the amount in controversy was met). A "settlement offer, by itself, may not be determinative, [but] it counts for something." *Burns*

*v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).  In addition to considering the settlement letter, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" based on the allegations of the parties and any evidence.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

In support of her motion to remand, Pezold does not seriously contend that her 2014 settlement offer was mere puffery that did not amount to a reasonable assessment of her claim.  Rather, she argues that the Court should, in determining the amount of controversy, only consider the nearly $15,000 in medical expenses she incurred during the year between her fall in November 2013 and the settlement offer in December 2014.  Pezold did not present any information about the medical expenses she incurred between the time of her settlement offer in December 2014 and the filing of her Complaint in November 2015.  Based on Pezold's allegation that she anticipates future medical expenses and continues to suffer pain caused by the fall, the Court finds that it may reasonably infer that $15,000 is not the entire amount of medical expenses allegedly incurred due to the fall.  Moreover, medical expenses are not the only type of damages Pezold seeks.  She also seeks past and future pain and suffering damages, past and future lost wages, and damages for diminished earning capacity.  Based on all of these

factors, combined with the settlement offer that estimates Pezold's claim to be worth $150,000, the Court finds that Publix has met its burden of establishing that the amount in controversy exceeds $75,000.  Pezold's motion to remand is therefore denied.

## CONCLUSION

For the reasons set forth above, Pezold's motion to remand (ECF No. 6) is denied.

IT IS SO ORDERED, this 29th day of February, 2016.

                                          s/Clay D. Land
                                          CLAY D. LAND
                                          CHIEF U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA